```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
MAMDOU MACKA SOW,                                                    :
                                                                     :
                                        Petitioner,                  :    26-CV-867 (JMF)
                                                                     :
                 -v-                                                 :    MEMORANDUM
                                                                     :    OPINION AND ORDER
KRISTI NOEM et al.,                                                  :    TO SHOW CAUSE
                                                                     :
                                        Respondents.                 :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Petitioner Mamadou Macka Sow, proceeding without counsel, petitions for the writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 1 ("Pet."). Sow is a Guinean national who was detained by Immigration and Customs Enforcement ("ICE") after entering without inspection in 2022 and then was granted humanitarian parole to seek asylum. *See id.* ¶¶ 12-14; ECF No. 8 ("Gov't Letter"), at 2. His petition, which was filed on February 2, 2026 at 12:38 p.m. ahead of a credible fear interview scheduled for that same day, *see* ECF No. 2 ("TRO App."), at 3, challenges his "anticipated" detention pursuant to Section 1225(b)(2)(A) of the Immigration and Nationality Act ("INA"), Pet. 1-2 & ¶¶ 20-23, 27-34.[1] Sow also preemptively seeks to temporarily restrain Respondents from transferring him outside of the State of New York in the event that he is taken into immigration custody pending adjudication of his habeas petition. *See* Pet. ¶¶ 35-36; TRO App. 3; ECF No. 4 ("Pet. TRO Mem."), at 1-2.

---

[1] With rare exceptions, this provision requires mandatory detention without any individualized review. *See* 8 U.S.C. § 1225(b)(2)(A); *see also, e.g., Cardenas v. Almodovar*, No. 25-CV-9169 (JMF), 2025 WL 3215573, at *1 (S.D.N.Y. Nov. 18, 2025) (discussing this detention scheme).

By Order entered February 2, 2026, at 3:05 p.m., the Court scheduled a conference for today and directed Respondents to submit a letter no later than February 3, 2026 at 3:00 p.m. addressing, among other things, (1) "[w]hat developments have occurred since the Petition was filed, including whether Petitioner was detained at or after his February 2, 2026 appearance," and (2) "[i]n the event that Petitioner has not been physically detained, whether this Court has the power to issue a preemptive order enjoining his transfer pending adjudication of his Petition and how that bears on the ripeness of the Petition for resolution."  ECF No. 6, at 1-2.  In accordance with the Court's Order, on February 3, 2026, at 2:59 p.m., Respondents filed their letter, which confirms that Sow is not now in immigration custody.  *See* Gov't Letter 1-3.  Respondents report that, on February 2, 2026, Sow appeared for the credible fear interview, but it was subsequently rescheduled for February 26, 2026, and that Sow was not detained by ICE.  *See id.* at 1.  Respondents maintain that the Court "likely" lacks jurisdiction "over this preemptive/anticipatory habeas corpus action."  *Id.* at 2.

Under 28 U.S.C. § 2241, a federal court may grant the writ of habeas corpus to a non-citizen who is "*in custody* in violation of the Constitution or laws or treaties of the United States."  *Henderson v. I.N.S.*, 157 F.3d 106, 122 (2d Cir. 1998) (emphasis added) (internal quotation marks omitted) (quoting 28 U.S.C. § 2241); *see also Boumediene v. Bush*, 553 U.S. 723, 771 (2008).  As Petitioner observes, *see* Pet. 2, "the 'custody requirement' . . . may be satisfied by restraints other than 'actual, physical custody' incarceration," *Khabazha v. U.S. Immigr. & Customs Enf't,* No. 25-CV-5279 (JMF), 2025 WL 3281514, at *3 (S.D.N.Y. Nov. 25, 2025) (internal quotation marks omitted) (quoting *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017)).  But while Sow claims that he faces "a credible and immediate threat of custody," Pet. ¶ 4, he does not appear to allege that he faces an individualized risk of custody sufficient to trigger habeas jurisdiction, *cf., e.g.*, *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2025 WL

2806757, at *3 (S.D.N.Y. Oct. 1, 2025) (finding that ICE's "plan to re-arrest" a habeas petitioner following her discharge from the hospital "evinces the very control that lies at the heart of the custodial requirement" and that "the imminence of her arrest and subsequent detention carries that 'special urgency' justifying the exercise of jurisdiction over her habeas claims" (quoting *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist*, 411 U.S. 345, 351 (1973))). Nor does Sow claim to otherwise be "subject to restraints not shared by the public generally." *Khabazha*, 2025 WL 3281514, at *3 (internal quotation marks omitted) (quoting *Hensley*, 411 U.S. at 351). In fact, Sow is not currently in removal proceedings at all. *See* Gov't Letter 2. The custody requirement is "jurisdictional." *Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019) (internal quotation marks omitted); *accord Simmonds v. I.N.S.*, 326 F.3d 351, 354 (2d Cir. 2003). It follows that the Court may lack jurisdiction to adjudicate Sow's petition and thus to enter the injunctive relief that Sow seeks. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (internal quotation marks omitted (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)))).

In light of the foregoing, Sow is ORDERED to show cause in writing, no later than **February 18, 2026**, why this case should not be dismissed for lack of subject-matter jurisdiction. Respondents shall file a letter addressing the Court's jurisdiction (and responding to any submission by Sow) no later than **February 23, 2026**. If Sow fails to show cause or does not file anything by the deadline, the Court may dismiss the petition without further notice. In light of the foregoing, the in-person conference scheduled for TODAY is hereby CANCELED.

The Clerk of Court is directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: February 4, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge