UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                 :

MAMADOU MACKA SOW,                        :

                      Petitioner,         :

                                                  :                    26-CV-867 (JMF)

         -v-                             :

                                                  :                    DISMISSAL ORDER

MARKWAYNE MULLIN et al.,              :

                                                  :

                     Respondents.      :

                                                  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Petitioner Mamadou Macka Sow, proceeding without counsel, filed the instant petition for the writ of habeas corpus under 28 U.S.C. § 2241, challenging his "anticipated" immigration detention ahead of a credible-fear interview ("CFI"), *see* ECF No. 1 ("Pet."), at 1-2 & ¶¶ 20-23, 27-34, as well as certain "government-imposed restraints" in connection with his CFI process, ECF No. 16, at 1-5.  On July 13, 2026, Respondents filed a letter confirming that — after multiple delays — Petitioner's CFI had finally taken place.  *See* ECF No. 35.  According to the letter, Sow was not detained, and immigration authorities have "no current plans to detain [him]."  *Id.*  Further, given the results of the CFI, he may now pursue his asylum claim in removal proceedings.  *See id.*

In light of Respondents' letter, the Court ordered the parties to show cause in writing, no later than July 28, 2026, why the case should not be dismissed as moot.  *See* ECF No. 36. Respondents filed a response — accompanied by a sworn declaration from Jonathan P. Melo, the Acting Supervisory Detention and Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE"), stating that "ICE has no current plans to detain Petitioner" and that "ICE will agree to not re-detain Petitioner absent a change in circumstances, such as the issuance of a removal order or Petitioner's arrest for a violation of any federal, state, or local law," ECF No. 40-1, ¶ 20 — arguing that the case should indeed be dismissed as moot.  *See* ECF No. 40, at 1-3.

In light of Respondents' representations, the Court agrees that this case is moot and that it must be dismissed for lack of jurisdiction. *See, e.g., Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). In light of that conclusion, the Court need not and does not opine on Respondents' other arguments for why the Court lacks jurisdiction.

Accordingly, the petition must be and is DISMISSED. The Clerk of Court is directed to close the case and mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: July 30, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2