**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
SDNY PRO SE OFFICE
2026 JUL 30 AM 11: 42

-------------------------------------------------------------------X

MAMADOU MACKA SOW,
Petitioner,

-v-

No. 26-CV-867 (JMF)

MARKWAYNE MULLIN, et al.,
Respondents.

-------------------------------------------------------------------X

**PETITIONER'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

The Court's July 13, 2026 Order to Show Cause asks whether this action is moot because Petitioner's credible fear interview ("CFI") has occurred and Respondents state they have "no current plans to detain [him]." ECF No. 35. Respectfully, it is not. Petitioner is grateful the interview finally took place. But Respondents have not withdrawn the detention position the Petition challenged, have said nothing about transfer, and have not shown that the conduct at issue cannot recur.

## I. PETITIONER REMAINS IN CUSTODY FOR HABEAS PURPOSES.

Habeas corpus does not require physical confinement. A person is in custody where the government imposes significant restraints on his liberty not shared by the public generally. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). DHS released Petitioner on parole and has never terminated that status. His removal proceedings remain pending. He must appear when and where Respondents direct, and he has appeared every time. Those restraints exist today and are the same ones that existed when the Petition was filed.

## II. RESPONDENTS HAVE NOT WITHDRAWN THE POSITION THE PETITION CHALLENGED.

The Petition alleged that Respondents intended to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A) with no opportunity for bond, notwithstanding his continuous presence since March 2022 and his prior release on parole. Pet. ¶¶ 20–23, 27–28. While this action was pending, the Second Circuit rejected that position. In *Cunha v. Freden*, No. 25-3141-pr (2d Cir. Apr. 28, 2026), the Court held that "Section 1226(a) governs detention of noncitizens like Petitioner" and that "Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." Under Cunha, a noncitizen in Petitioner's position is entitled to an individualized bond determination.

Respondents' letter does not mention *Cunha*. It does not concede that § 1226(a) would govern any future detention of Petitioner. It does not state that he would receive a bond hearing. And it does not withdraw the categorical detention authority the Government has asserted since ICE issued its Interim Guidance Regarding Detention Authority for Applicants for Admission on July 8, 2025 — the policy Cunha describes and rejects. Respondents say only that they have "no current plans" to detain him.

That is a statement about present intentions, not a change in asserted authority. A party urging mootness based on its own post-filing conduct bears the "formidable burden" of showing the challenged conduct "could not reasonably be expected to recur," *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000), and the Government is held to that same standard, *FBI v. Fikre*, 601 U.S. 234, 240–43 (2024). A case is moot only where it is "impossible for a court to grant any effectual relief whatever." *Knox v. SEIU, Local 1000*, 567 U.S.

298, 307 (2012). So long as the parties retain "a concrete interest, however small," it remains live. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

Nor is Petitioner's exposure hypothetical. Respondents directed him to appear repeatedly over several months — at Federal Plaza, on Long Island, and in New Jersey — and he appeared each time. They know where he lives and where he works, because he has never tried to evade them. He filed this case because he expected detention to follow his interview. Respondents' letter does not tell him that expectation was wrong. It tells him only that detention has not happened yet.

**III. THE TRANSFER CLAIM IS LIVE AND WOULD EVADE REVIEW.**

Cunha also shows why the Petition's transfer claim matters. Cunha binds courts in this Circuit. The Fifth and Eighth Circuits have held the opposite, and Cunha acknowledges the disagreement. See *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Whether Petitioner is eligible for bond therefore depends on where he is held. If Respondents detain him and move him out of this Circuit, he loses the protection of Cunha and faces the very mandatory detention without bond that the Second Circuit has held unlawful here.

That harm could not be litigated after the fact. A claim is not moot where the challenged action is too brief in duration to be fully litigated and there is a reasonable expectation the same party will face it again. Weinstein v. Bradford, 423 U.S. 147, 149 (1975). ICE routinely moves detainees out of state within hours or days of arrest — faster than any court can act on an emergency application. That is why the Petition sought protection before detention rather than after. Respondents' letter does not mention transfer at all.

**CONCLUSION**

Respondents have not carried their burden of establishing mootness. Petitioner respectfully requests that the Court:

1. Discharge the Order to Show Cause and decline to dismiss the Petition as moot; and

2. Grant such other and further relief as the Court deems just and proper.

Should the Court conclude otherwise, Petitioner respectfully requests that any dismissal be without prejudice. Respondents retain the authority to detain and transfer him and state only that they have no present plans to use it. A dismissal without prejudice costs Respondents nothing and preserves Petitioner's ability to return to this Court quickly if they act — which, given how fast a transfer can occur, may be the only protection that matters.

Dated: July 28, 2026
New York, New York

Respectfully submitted,

Mamadou Macka Sow
Petitioner, Pro Se
A# 240-669-755
Bronx, NY 10470
Telephone: 646-975-8101

The Court already dismissed this case for lack of subject-matter jurisdiction. ECF No. 42. Petitioner's response to the July 29, 2026 Order to Show Cause, ECF No. 42, provides no basis to reconsider that dismissal Even if this action were not moot, the Court would lack subject-matter jurisdiction for other reasons, including ripeness.

Further, the Court clarifies that, because the petition was dismissed for lack of subject-matter jurisdiction, that dismissal is indeed without prejudice. *See, e.g.*, *Arias v. U.S. Immigr. & Customs Enf't*, No. 26-CV-2130 (CM), 2026 WL 1785997, at *47 (S.D.N.Y. June 22, 2026) ("Any dismissal for lack of subject-matter jurisdiction is without prejudice.").

The Clerk of Court is directed to mail a copy of this endorsement to Petitioner.

SO ORDERED.

August 3, 2026